IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARLENE LANELL HOSEA, } | |
| } | |
| *Plaintiff* } | |
| v. } | CIVIL ACTION NO. H-06-434 |
| } | |
| AMERIQUEST MORTGAGE COMPANY, } | |
| *et al,* } | |
| *Defendants* | |

## MEMORANDUM OPINION AND ORDER

At the heart of this case is a loan Plaintiff Darlene Lanell Hosea ("Hosea") received from Defendant Ameriquest Mortgage Company ("Ameriquest"). Hosea secured the loan with her property, located at 7255 Sims Drive in Houston, Texas. Ameriquest later assigned the note to Defendant Wells Fargo Bank ("Wells Fargo"). After Wells Fargo tried to foreclose on the property, Hosea launched a series of lawsuits against it and Ameriquest. The case presently before the court is the first of these lawsuits.

Plaintiff's original petition, filed in state court on January 3, 2006, asserts claims for violation of the Texas Constitution, the Racketeer Influenced and Corrupt Organization Act, and statutory fraud. *See* Plaintiff's Original Petition (Doc. 1 Ex. B). The petition seeks $6.2 million dollars in damages, the removal of the lien, and forfeiture of all of Defendants' interest in the property at issue. Defendants removed the case to this court on February 8, 2006.

Plaintiff's second lawsuit, filed in state court on October 16, 2006, is an action to remedy impaired title. It asserts that the lien Defendants obtained on Hosea's house is invalid because it violates the Texas Constitution. The lawsuit was removed to Federal Court on November 16, 2006. It was given civil action number 06-cv-3611, and assigned to United States District Judge Nancy Atlas.

Hosea's third lawsuit was filed in Federal Court on November 7, 2006. It was given civil case number 06-mc-00451, and assigned to this court. Hosea's complaint asserts claims under the Deceptive Trade Practices Act, the Racketeer Influenced and Corrupt Organizations Act, and the Finance Code. These claims also relate to the same mortgage transaction that is the subject of this suit. Plaintiff's application to proceed in forma pauperis was denied, and the case was administratively closed on November 9th.

In addition to the previously described cases, Defendants claim Hosea filed a fourth case, Cause No. 2006-71904, against them in state court alleging similar claims. Hosea has also sued her own attorney, Afton Jane Izen ("Izen"), in small claims court. As a result, Izen has filed a motion to withdraw from her representation of Hosea (Doc. 52) .

On October 12, 2006, the court issued an order on Defendants' motion to dismiss. The court found that Hosea's RICO and statutory fraud claims were not pled with the particularity required by Federal Rule of Civil Procedure 9(b). Rather than dismiss Plaintiff's claims, however, the court ordered Hosea to replead her complaint within twenty days. Hosea was admonished that "failure to follow the Federal Rules of Civil Procedure and RICO pleading requirements will result in dismissal for failure to plead a cause of action." Order at 2 (Doc. 51).

The court's October 12, 2006, order was followed by a flurry of motions. On November 1st, Hosea, through counsel, moved for an extension of time to replead (Doc. 53). On November 6th, Hosea, once again through counsel, moved for leave to file amended pleadings (Doc. 56). On November 20th, Wells Fargo moved to consolidate the case currently pending before Judge Atlas with this case (Doc. 59). Finally, on November 22nd, Hosea, *pro se*, moved to dismiss her case without prejudice (Doc. 62).

I. Analysis

Plaintiff's proposed amended pleadings (Docs. 57 & 58) do not remedy the fundamental flaws in the originals. Rather, Plaintiff's amended pleadings add approximately

2

twelve pages of conclusory statements. For example, in paragraph FF of Plaintiff's proposed amended pleading, Plaintiff states:

> Plaintiff alleges that Defendant Ameriquest, with knowledge and intent, agreed to the overall objective of the conspiracy, and committed at least two predicate acts, as set out in Section 2 of this statement, and that defendant, by and through its agents, verbally agreed to participate in the conspiracy. Plaintiff alleges that Defendant, by and through its agents, with knwoledge and intent agreed to and did aid and abet all of the illegal activities, RICO predicate acts, and RICO violations set forth in this section.

Further, Plaintiff alleges that

> Defendant maintains dominant economic and political power that is exacerbated and enforced through the enterprise, conspiracy, and aiding and abetting, alleged in Plaintiff's Third Amended Complaint, and in this Second Amended RICO Case Statement.

Proposed Amended Complaint at ¶ V. This type of language does not address the fundamental questions of who, what, when, where and how Defendants defrauded Plaintiff. As a consequence, Hosea's complaint fails to comply with Federal Rule of Civil Procedure 9(b) and the RICO pleading requirements. *See Tel-Phonic Services v. TBS International*, 975 F.2d 1134, 1138 (5th Cir. 1992) (Discussing pleading requirements). Allowing Hosea to file these amended pleadings would be futile. Leave, therefore, is denied. *See Lewis v. Fresne*, 252 F.3d 352, 360 (5th Cir. 2001) (listing futility as one valid basis for denying leave to amend).

The case currently pending before Judge Atlas concerns the same transaction or occurrence that is the subject of this lawsuit. Rule 42 of the Federal Rules of Civil Procedure allows consolidation of actions involving common questions of law and fact. In the interest of judicial economy, the court will consolidate these two actions.

Attorney Izen's motion to withdraw has merit. Hosea's suit against Izen creates a conflict of interest between attorney and client and justifies allowing Izen to withdraw.

Finally, Hosea's motion to dismiss her complaint without prejudice is denied. Hosea has filed multiple lawsuits and pleadings. In this case alone, the docket sheet reflects that

sixty-two instruments have been filed. Dismissal without prejudice risks needless duplication of the effort and expense already made by counsel and court. This would be unacceptable.

For the aforementioned reasons, it is hereby

**ORDERED** that Hosea's motion to dismiss her case without prejudice (Doc. 62) is **DENIED**. It is further

**ORDERED** that Wells Fargo's motion to consolidate Civil Action 06-cv-3611, *Darlene Lanell Hosea v. Wells Fargo Bank Minnesota* (Doc. 59), with this action is **GRANTED**. It is further

**ORDERED** that Hosea's motion for extension of time to replead (Doc. 53) and her motion to file third amended complaint and second amended RICO case statement (Doc. 56) are **DENIED** as futile. It is further

**ORDERED** that Hosea's RICO and statutory fraud claims are **DISMISSED** for failure to meet the pleading requirement of Federal Rule of Civil Procedure 9(b). It is further

**ORDERED** that Attorney Afton Jane Izen's motion to withdraw (Doc. 52) is **GRANTED**.

Defendants are invited to submit a motion for summary judgment on Hosea's remaining claims.

Signed at Houston, Texas, this 30th day of November, 2006

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE