IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARLENE LANELL HOSEA, } | |
| *Plaintiff* } | |
| v. } | CIVIL ACTION NO. H-06-434 |
| AMERIQUEST MORTGAGE COMPANY, } *et al,* } | |
| *Defendants* | |

### MEMORANDUM OPINION AND ORDER

This case concerns a home equity loan Defendant Ameriquest Mortgage Company ("Ameriquest") made to Plaintiff Darlene Lanell Hosea ("Hosea"). Ameriquest assigned the note to Defendants Wells Fargo Bank, as indenture Trustee of Defendant GRP/AG Real Estate Asset Trust 2004-1 (collectively "Wells Fargo").

After Hosea defaulted on the loan, Wells Fargo sought judicial foreclosure. Hosea responded by launching a series of lawsuits against Wells Fargo and Ameriquest. This case is the first of these.

To the court's knowledge, Plaintiff has filed four lawsuits against Defendants. Plaintiff's first lawsuit asserts claims for violation of the Texas Constitution, the Racketeer Influenced and Corrupt Organization Act ("RICO"), and statutory fraud. Defendants removed the case to this court in February 2006. Plaintiff's second lawsuit is styled as an action to remedy impaired title. It, too, was removed. Hosea's third lawsuit was filed directly in Federal court and was accompanied by a motion to proceed in *forma pauperis*. This court denied Hosea's motion for pauper status, and the case was administratively closed. Hosea's fourth lawsuit was filed, once again, in state court. It was also removed. Because all of these lawsuits allege claims arising out of the same transaction or occurrence, all were consolidated before this court for adjudication.

On November 30, 2006, the court issued an order dismissing Hosea's RICO and statutory fraud claims for failure to meet the pleading requirements of rule 9(b) and RICO. *See*

Order (Doc. 64). The court also invited Defendants to file motions for summary judgment disposing of Hosea's remaining claims.

I. Hosea's pending claims.

Hosea's remaining claims are (1) that her home equity loan violated the Texas Constitution, Art. 16 § 50; (2) that Defendants' actions clouded title to her property;(3) that Defendants committed gross negligence; (4) that Defendants violated the Texas Deceptive Trade Practices Act; and (5) that Defendants' violated the Texas Finance Code.

II. Legal Standard Governing Motions for Summary Judgment.

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

III. Application of law to the facts.

Hosea's first claim, that Defendants' loan violated the Texas Constitution Art. 16 § 50 because her property exceeded one acre in size[1], fails on both factual and legal grounds. First, the claim demonstrates a profound misunderstanding of the nature of the homestead protection afforded by the Texas Constitution. Under Article 16 § 50, a line of credit secured by a lien on a homestead is invalid if it does not comply with certain statutory prerequisites. None of these prerequisites require the property to be of a specific size or, for that matter, to be a homestead at all. If the property securing the debt is not homestead property, the section is simply inapplicable. *See Whiteman v. Burkey*, 282 S.W. 788, 789 (Tex. 1926) ("the courts cannot protect that which is not homestead"). Furthermore, Defendant's have introduced uncontroverted evidence that the plot securing the loan is less than an acre large. *See* Survey Ex. G (Doc. 80); *see also* Burga Aff. Ex. 3 (Doc. 82).

Hosea's second claim, that Defendants clouded the title to her property, is simply a re-characterization of her claim that the lien on her property violated the Texas Constitution. For the reasons already stated, the court has determined that Defendants' loan did not violate the Texas Constitution. Accordingly, summary judgment is appropriate on Hosea's claim that Defendants clouded the title to her property.

Hosea's third claim, that Defendants' committed gross negligence, is completely unsupported. Hosea has not identified what duty Defendants owed her nor explained how a breach of that duty caused her damages. Article 16, § 50(a)(6)(Q)(x) provides the remedy for borrowers complaining of home equity loans that do not comply with the requirements of the Constitution. *See Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 345 (Tex. 2001).

Hosea's fourth claim, alleging that Defendants violated the DTPA, fails. It is well established that loans of money or extensions of credit are not considered goods or services under the DTPA. *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex. 1984); *Riverside*

---

[1] At the time Hosea entered into her agreement with Ameriquest, the Texas constitution limited the size of an urban homestead to one acre. Tex. Const. art. XVI, § 51 (amended 1999).

*Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174 (Tex. 1980).  Accordingly, Hosea's claim, premised as it is on an extension of credit, does not fall within the ambit of the DTPA.

Finally, Hosea's fifth claim, concerning violations of the Finance Code, also fails. Hosea's has not alleged any fact nor introduced any evidence supporting her recovery under any one of the 26 chapters of the Texas Finance Code.

IV. Conclusion

For the aforementioned reasons, it is hereby

**ORDERED** that Defendants Ameriquest Mortgage Company, Town & Country Credit Corporation, AMC Mortgage Services, Inc. and ACC Capital Holdings Corp.'s motion for summary judgment  (Doc. 82) is **GRANTED**. It is further

**ORDERED** that Defendants Wells Fargo and GRP's motion for summary judgment (Doc. 80) is **GRANTED**.  It is further

**ORDERED** that Hosea's motion for summary judgment (Doc. 78) is **DENIED.**

**SIGNED** at Houston, Texas, this 14th day of August, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE